SUMMARY ORDER
Plaintiff-Appellant Dov Levine appeals from the entry of judgment after a jury trial in the United States District Court for the Southern District of New York (Fox, Mag. J.). Levine claims that Reader’s Digest Association, Inc. (“RDA”) is liable for discrimination and retaliation in violation of the Age Discrimination in Employment Act (“ADEA”) in connection with the conduct of its Swiss subsidiary, Das Beste de Reader’s Digest (“Das Beste”). The court below dismissed the retaliation claim as moot prior to trial, and the jury subsequently returned a verdict finding that RDA and Das Beste did not constitute a “single employer” such that RDA could be held liable for Das Beste’s employment-related acts. Based on evidence adduced at trial, the court also granted RDA’s post-trial motion to dismiss the complaint as untimely. Levine now seeks reinstatement of the retaliation claim, a new trial on the age discrimination claim due to asserted errors in the jury instructions, and a reversal of the post-trial dismissal of his complaint.
We assume the parties’ familiarity with the facts, procedural history of the case, and issues presented on appeal.
First, taken as a whole, the trial court’s instruction to the jury regarding the single employer doctrine did not mislead the jury as to the correct legal standard. See Anderson v. Branen, 17 F.3d 552, 556 (2d Cir.1994) (noting that a jury instruction is erroneous if it “misleads the jury as to the correct legal standard or does not adequately inform the jury on the law”). The trial court properly instructed the jury as to the four factors relevant to determining joint liability for discrimination. See Murray v. Miner, 74 F.3d 402, 404 (2d Cir.1996) (listing the factors). With respect to the most important of the four factors, whether there was centralized control of labor relations, the court advised the jury that the “critical” question was “what entity made final decisions regarding employment matters related to the person claiming discrimination.” Far from being misleading, this language is taken directly from our precedent. See Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240 (2d Cir.1995) (noting with approval the Fifth Circuit’s holding that “the critical question to be answered” with regard to the centralized control criterion is “what *604 entity made the final decisions regarding employment matters related to the person claiming discrimination?”) (internal quotation marks omitted); see also Murray, 74 F.3d at 405. Moreover, the instructions did not encourage the jury to place undue weight on any one factor, such as what entity made the final termination decision, because the court advised that “[n]o one factor is determinative” in order to find joint liability. See Murray, 74 F.3d at 404-05.
Second, the court appropriately dismissed Levine’s retaliation claim, because the primary harm alleged in that claim — the loss of the 90,000 Swiss francs in severance funds and the incurrence of attorney’s fees — has already been redressed by the Swiss courts. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (emphasizing that actionable retaliation must involve materially adverse injury or harm). Levine asserts for the first time in his reply brief on appeal that he has recovered only 19,862 of the 48,248 Swiss francs he spent on attorney’s fees in connection with the Swiss case. Levine’s eleventh-hour and unsubstantiated assertion that he has not recovered the entirety of his legal fees related to the Swiss proceedings does not command reinstatement of the retaliation claim.
Finally, even if Levine could prevail on his arguments regarding the jury charge and the retaliation claim, the complaint was nonetheless properly dismissed as time-barred. Levine’s trial testimony indicates that the letter he received on October 29, 2003 constituted a definite notice of termination. See Economu v. Borg-Warner Corp., 829 F.2d 311, 315 (2d Cir.1987) (internal quotation marks omitted); see also id. (instructing that in making timeliness determinations, courts are to identify the date on which the employer established an official position [as to the termination] and made that position known to the employee). Levine did not file his EEOC charge until May 12, 2004,196 days after receiving the termination letter. In light of the additional evidence revealed at trial, the court below was entitled to reach a different result with respect to the timeliness analysis than the district court did in ruling on the motion to dismiss and the summary judgment motion. See Corporacion de Mercadeo Agricola v. Mellon Bank Int’l, 608 F.2d 43, 48 (2d Cir.1979) (noting that where a party renews a motion for summary judgment after further development of the record, the law of the case “may be departed from in the sound discretion of the district court,” since “further reflection may allow a better informed ruling in accordance with the conscience of the court”).
We have examined Levine’s remaining contentions on appeal and find them to be without merit.
For the foregoing reasons, the judgment is AFFIRMED.